IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Case No. 4:06CR3020 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE** |
| | ) | **FINDINGS** |
| RAMI NASRI TASHMAN, | ) | |
| | ) | |
| Defendant. | ) | |

I am in receipt of the revised presentence investigation report in this case. Except for the government's objection (filing 37) and the defendant's objection (filing 38), there are no objections or motions for departure or variance.

IT IS ORDERED that:

(1)    The undersigned will consult and follow the Guidelines to the extent permitted and required by United States v. Booker, 125 S. Ct. 738 (2005).  In this regard, the undersigned gives notice that, unless otherwise ordered, he will (a) give the advisory Guidelines substantial weight; (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury; (c) impose upon the government the burden of proof on all Guideline-enhancements; (d) impose upon the defendant the burden of proof on all Guideline-mitigators; (e) depart from the advisory Guidelines, if appropriate, using pre-Booker departure theory; and (f) in cases where a departure using pre-Booker departure theory is not warranted, deviate or vary from the Guidelines only when there is a plainly superior, principled reason which justifies a sentence different than that called for by application of the advisory Guidelines.

(2)    A.    The government's objection (filing 37 part 1) and the defendant's objection (filing 38 part 1) to use of minor to commit the offenses of conviction as set forth PSR ¶¶ 41 and 53 is sustained.  U.S.S.G. § 3B1.4 does not apply because the

evidence does not show that the minors were used to further the conspiracy (as opposed to merely being buyers) and the evidence does not show that the minors were used to further the firearms offense.   I believe the word "used" means "to effect an end" as when one employs a "tool" to accomplish a task.  In this sense, the minors were not "used" to accomplish the offenses of conviction.   Furthermore, U.S.S.G. § 3B.1.4 does not apply because the defendant was properly enhanced for making sales in a school zone and for sales to underage individuals under Chapter 2 of the Guidelines (see PSR ¶ 50) and thus, under Application Note 2 to U.S.S.G. § 3B.1.4, the "use of a minor" enhancement is prohibited.

B.     The defendant's objection (filing 38 part 2) to role in the offense and the government's clarification (filing 37 part 2) regarding role in the offense will be resolved at sentencing.  A two-hour evidentiary hearing will be held to resolve this objection.  That hearing is set for Friday, September 8, 2006, from 10:00 a.m. to noon.

(3)     Except to the extent (if at all) that I have reserved an issue for later resolution in the preceding paragraph, the parties are herewith notified that my tentative findings are that the presentence report is correct in all respects.

(4)     If **any** party wishes to challenge these tentative findings, said party shall, as soon as possible, but in any event at least five (5) business days before sentencing, file in the court file and serve upon opposing counsel and the court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and how long such a hearing would take.

(5)     Absent submission of the information required by the preceding paragraph of this order, my tentative findings may become final and the presentence report may be adopted and relied upon by me without more.

-2-

(6)   Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

August 29, 2006.                    BY THE COURT:

                                    s/ *Richard G. Kopf*
                                    United States District Judge